IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN –
GREEN BAY DIVISION

WAYNE MEETZ,
individually and on behalf of
all others similarly situated,

        Plaintiff,

        v.

WISCONSIN HOSPITALITY GROUP, LLC.
d/b/a PIZZA HUT

        Defendant.

CASE NO. 16-cv-1313

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Wayne Meetz, on behalf of himself and all other similarly situated current and former employees who work or have worked as delivery drivers at Wisconsin Hospitality Group, LLC d/b/a Pizza Hut since September 30, 2013. Plaintiff Meetz was a delivery driver employed by Wisconsin Hospitality Group, LLC d/b/a Pizza Hut at times since September 30, 2013. During Plaintiff Meetz's and the respective collective and putative classes employments since that time, Defendant Wisconsin Hospitality Group, LLC d/b/a Pizza Hut employed Plaintiff Meetz and its other delivery drivers at either sub-minimum wage rates applicable to tipped employees or near minimum wage rates for their work as delivery drivers. In addition, Defendant Wisconsin Hospitality Group, LLC d/b/a Pizza Hut required Plaintiff Meetz and its other

delivery drivers to use their own automobiles to deliver pizza and other food items to its customers. However, since September 30, 2013, Defendant Wisconsin Hospitality Group, LLC d/b/a Pizza Hut failed to reimburse Plaintiff Meetz and the putative class members for the costs of the use of their vehicles. As a result, Defendant Wisconsin Hospitality Group, LLC d/b/a Pizza Hut failed to properly compensate Plaintiff Meetz and the other delivery drivers at the mandated minimum wage rates for all hours worked in a workweek in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws.

2. Plaintiff Wayne Meetz brings this action, on behalf of himself and other similarly situated current and former employees, as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid minimum wages, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate. Plaintiff Wayne Meetz brings this action, on behalf of himself and other similarly situated current and former employees, pursuant to Fed. R. Civ. P. 23 for purposes for obtaining relief under Wisconsin's wage and hour laws for unpaid minimum wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331, because this case presents federal questions brought under the FLSA.

4. The Court has supplemental jurisdiction over the Wisconsin state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant Wisconsin Hospitality Group, LLC has substantial and systematic contacts in this district.

## PARTIES

6. Defendant Wisconsin Hospitality Group, LLC d/b/a Pizza Hut ("WHG") is a Wisconsin Limited Liability Company with its principal place of business located in Waukesha, Wisconsin.

7. WHG's registered agent for service of process in the State of Wisconsin is Timothy J. Randall located in Waukesha, Wisconsin.

8. Plaintiff Wayne Meetz ("Meetz") is an adult who resides in Winnebago County in the State of Wisconsin. Plaintiff Meetz was formerly employed by WHG as a delivery driver at times since September 30, 2013. Plaintiff Meetz's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A and is hereby made a part of this Complaint.

9. Plaintiff Meetz brings this action on behalf of himself and all other similarly situated employees in the FLSA Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The FLSA Class is defined as follows:

> All persons who have worked at Wisconsin Hospitality Group, LLC d/b/a Pizza Hut as delivery drivers at any time since September 30, 2013.

10. Plaintiff Meetz brings this action on behalf of himself and all other similarly situated employees in the Wisconsin Class pursuant to Fed. R. Civ. P. 23. The Wisconsin Class is defined as follows:

> All persons who have worked at Wisconsin Hospitality Group, LLC d/b/a Pizza Hut as delivery drivers at any time since September 30, 2014.

11. The FLSA Class and the Wisconsin Class will be collectively referred to as the "Classes" hereinafter.

## GENERAL ALLEGATIONS

12. Since September 30, 2013, WHG has owned and operated numerous Pizza Hut restaurants throughout Wisconsin – including owning and operating approximately seventy-three Pizza Hut restaurants in Wisconsin currently.

13. Since September 30, 2013, WHG has employed and continues to employ delivery drivers at its Pizza Hut restaurants for the primary job duty of delivering pizzas and other food items to customers.

14. Plaintiff Meetz worked as a delivery driver at WHG's Pizza Hut restaurant located on Oneida Street in Appleton, Wisconsin at times since September 30, 2014.

15. The FLSA Class' putative members work or have worked as delivery drivers at WHG's Pizza Hut restaurants at times since September 30, 2013.

16. The Wisconsin Class' putative members work or have worked as delivery drivers at WHG's Pizza Hut restaurants at times since September 30, 2014.

17. Since September 30, 2013, WHG has suffered or permitted Plaintiff Meetz and the Classes' putative members to deliver pizza and other food items to its customers.

18. Since September 30, 2013, WHG has required Plaintiff Meetz and the Classes' putative members to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items while working as delivery drivers for WHG.

19. Since September 30, 2013, Plaintiff Meetz and the Classes' putative members have incurred costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses (collectively "automobile expenses") while working as delivery drivers for WHG.

20. At all times during his respective employment since September 30, 2013, WHG paid Plaintiff Meetz at a rate of less than $7.25 per hour for his hours worked as a delivery driver.

21. Specifically, WHG paid Plaintiff Meetz an hourly rate for $5.25 per hour for his work as a delivery driver since September 30, 2013.

22. At all times during their respective employments since September 30, 2013, WHG paid the FLSA Class' putative members at either a rate of less than $7.25 per hour, or a rate near $7.25 for their hours worked as delivery drivers.

23. At all times during their respective employments since September 30, 2014, WHG paid the Wisconsin Class' putative members at either a rate of less than $7.25 per hour, or a rate near $7.25 for their hours worked as delivery drivers.

24. At all times during his employment since September 30, 2013, WHG claimed a tip credit for the difference between Plaintiff Meetz' hourly rate and the mandated minimum wage rate.

25. At all times during their respective employments since September 30, 2013, WHG claimed a tip credit for the difference between the FLSA Class' hourly rates and the mandated minimum wage rate.

26. At all times during their respective employments since September 30, 2014, WHG claimed a tip credit for the difference between the Wisconsin Class' hourly rates and the mandated minimum wage rate.

27. WHG reimbursed Plaintiff Meetz at a flat-rate per delivery for automobile expenses incurred during the course of his employment as a delivery driver since September 30, 2013.

28. Specifically, Plaintiff Meetz was paid a flat-rate of $1.00 per delivery while employed as a delivery driver for WHG since September 30, 2013.

29. WHG reimbursed the FLSA Class' members at a flat-rate per delivery for automobile expenses incurred during the course of their respective employments as delivery drivers since September 30, 2013.

30. WHG reimbursed the Wisconsin Class' members at a flat-rate per delivery for automobile expenses incurred during the course of their respective employments as delivery drivers' since September 30, 2014.

31. Since September 30, 2013, WHG has not obtained signed tip declarations from Plaintiff Meetz and the Classes' putative members in each pay period that they worked as delivery drivers.

32. Since September 30, 2013, the flat-rate per delivery reimbursements that WHG provided to Plaintiff Meetz and the Classes' putative members have not been reasonable approximations of the actual automobile expenses incurred by Plaintiff Meetz and the Classes' putative members in the course of performing their job duties as delivery drivers for WHG.

33. Since September 30, 2013, Plaintiff Meetz and the Classes' putative members have incurred actual automobile expenses in the course of performing their job duties as delivery drivers for WHG that have exceeded the flat-rate per delivery reimbursement provided by WHG.

34. Since September 30, 2013, WHG has failed to notify Plaintiff Meetz and the Classes' putative members of the method and manner in which WHG would meet its minimum wage obligations to them as tipped employees.

35. As a result of the above-allegations, Plaintiff Meetz and the Classes' putative members were regularly not compensated the mandated minimum wage rate for all hours worked free and clear of their obligations to WHG as required by the FLSA and Wisconsin law.

36. As a result of the above-allegations, WHG failed to pay Plaintiff Meetz and the Classes' putative members at the mandated minimum wages rates for all hours worked pursuant to the FLSA and Wisconsin law.

37. WHG's conduct, as set forth herein, was willful, dilatory, and unjust, and has caused significant damages to Plaintiff Meetz and the Classes' members.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

38. Plaintiff Meetz and the FLSA Class that he brings this action on behalf of, are and have been similarly-situated, have and have had substantially similar pay provisions, and are and have been subject to WHG's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing to pay employees federal minimum wage. The claims of Plaintiff Meetz stated herein are the same as those of the FLSA Class he seeks to represent.

39. Plaintiff Meetz and the FLSA Class seek relief on a collective basis and challenge WHG's policies and practices, as stated herein, which have led to FLSA minimum wage violations since September 30, 2013.

40. As a result of the above-alleged uniform pay practices and policies, WHG has failed to pay Plaintiff Meetz and the FLSA Class the federal minimum

wage for all hours worked in a workweek since September 30, 2013 in violation of the FLSA.

41. The FLSA Class is readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from WHG. Notice can be provided to the FLSA Class via first class mail to the last address known to WHG and through posting at WHG's stores in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

42. Plaintiff Meetz brings his Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under Fed. R. Civ. P. 23, on behalf of the Wisconsin Class for violations occurring on or after September 30, 2014 (the "Wisconsin Class Period").

43. The proposed Wisconsin Class members are so numerous that joinder of all members is impracticable and, more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of WHG, upon information and belief, there are over 100 members of the Wisconsin Class.

44. Plaintiff Meetz's claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims of Plaintiff Meetz and that Classes' putative class

members arise out of the same company-wide practice and/or policy of WHG and WHG benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Meetz and the other members of the Wisconsin Class sustained similar losses, injuries, and damages from the same unlawful policies, practices, and procedures.

45. Plaintiff Meetz is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained Counsel experienced in complex wage and hour litigation.

46. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from WHG's actions include, without limitation, the following:

   a) Whether WHG's common policy resulted in afailure to adequately reimburse Plaintiff Meetz and the Wisconsin Class members for using their own vehicles to deliver Pizza Hut's pizzas and other food items; and

   b) Whether WHG's common policy resulted in a failure to pay Plaintiff Meetz and the Wisconsin Class members the minimum wage required by Wisconsin law.

47. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

48. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

49. Plaintiff Meetz, on behalf of himself and the FLSA Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

50. Since September 30, 2013, Plaintiff Meetz and the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

51. At all times since September 30, 2013, WHG has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

52. At times since September 30, 2013, WHG was an employer of Plaintiff Meetz and the FLSA Class as provided under the FLSA.

53. As a result of the above alleged practices, WHG violated the FLSA, 29 U.S.C. §§ 206 *et seq.*, by failing to compensate Plaintiff Meetz and the FLSA Class at the federally-mandated minimum wage for all hours worked in a workweek since September 30, 2013 and failing to meet the prerequisites necessary to pay less than minimum wages.

54. Plaintiff Meetz and the FLSA Class are entitled to damages equal to the mandated minimum wage rate for all hours worked since September 30, 2013,

plus periods of equitable tolling because WHG acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

55. WHG's failure to properly compensate Plaintiff Meetz and the FLSA Class was willfully perpetrated and Plaintiff Meetz and the FLSA Class are therefore entitled to recover unpaid wages dating as far back as September 30, 2013.

56. Plaintiff Meetz and the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage pay described above pursuant to 29 U.S.C. § 216(b).

57. Alternatively, should the Court find that Plaintiff Meetz and the FLSA Class are not entitled to liquidated damages, Plaintiff Meetz and the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

58. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Meetz and the FLSA class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
### Violations of the Wisconsin wage and hour laws

59. Plaintiff Meetz, individually and on behalf of the Wisconsin Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

60. Since September 30, 2014, Plaintiff Meetz and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

61. Since September 30, 2014, Plaintiff Meetz and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

62. Since September 30, 2014, Plaintiff Meetz and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

63. Since September 30, 2014, Plaintiff Meetz and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64. Since September 30, 2014, Plaintiff Meetz and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65. Since September 30, 2014, WHG was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

66. Since September 30, 2014, WHG was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

67. Since September 30, 2014, WHG was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

68. Since September 30, 2014, WHG was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

69. Since September 30, 2014, WHG was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70. Since September 30, 2014, WHG has employed and/or continues to employ Plaintiff Meetz and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

71. Since September 30, 2014, WHG has employed and/or continues to employ Plaintiff Meetz and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

72. Since September 30, 2014, WHG has employed and/or continues to employ Plaintiff Meetz and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

73. Since September 30, 2014, WHG has employed and/or continues to employ Plaintiff Meetz and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

74. Since September 30, 2014, WHG has employed and/or continues to employ Plaintiff Meetz and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

75. Since September 30, 2014, WHG had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class for all minimum wages owed pursuant to Wisconsin law and failing to meet the prerequisites necessary to pay less than minimum wage.

76. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

77. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of minimum wages.

78. As set forth above, Plaintiff Meetz and the Wisconsin Class have sustained losses in their compensation as a proximate result of WHG's violations. Accordingly, Plaintiff Meetz, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring WHG to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

79. Under Wis. Stat. § 109.11, Plaintiff Meetz and the Wisconsin Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

80. Plaintiff Meetz, individually and on behalf of the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by WHG, pursuant to the Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Meetz, on his own behalf and on the behalf of all members of the Classes, requests the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the proposed Wisconsin Class;

c) An order appointing Hawks Quindel, S.C. as class counsel pursuant to Fed. R. Civ. P. 23;

d) An order designating Plaintiff Meetz as the Named Plaintiff and representative of the Wisconsin Class as set forth herein;

e) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§221-2202, declaring Pizza Hut's actions as described herein to be unlawful and in violation of Wisconsin law;

g) An order finding that Pizza Hut violated the FLSA and Wisconsin wage and hour laws;

h) An order finding that these violations were willful, dilatory, and unjust;

i) Judgment against Pizza Hut in the amount equal to Plaintiff Meetz', the FLSA Class', and the Wisconsin Class' unpaid minimum wages;

j) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

k) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

l) Such further relief as the Court deems just and equitable.

Dated this 30th day of September, 2016.

Respectfully submitted,

*s/ Larry A. Johnson*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442

E-mail: ljohnson@hq-law.com
tmaynard@hq-law.com
smurshid@hq-law.com