<h1 style="text-align:center">Settlement Agreement & Release</h1>

The Parties to this Settlement Agreement and Release ("Agreement") are Wayne Meetz ("Meetz"), both individually and on behalf of the "Collective Class," defined in Section I.D below, and the "Rule 23 Class," defined in Section IV.B below, and Wisconsin Hospitality Group, LLC, and PH Hospitality Group, LLC d/b/a/ Pizza Hut (collectively "WHG").

<h2 style="text-align:center">Recitals</h2>

WHEREAS, in an amended complaint captioned *Meetz v. Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza Hut,* Case No. 16-CV-1313 (the "Complaint") and filed with the United States District Court for the Eastern District of Wisconsin, Meetz alleges that WHG failed to properly pay him and WHG's other delivery drivers as a result of a uniform practice of under reimbursing them for mileage and vehicle expenses incurred while delivering pizzas for WHG (the "Lawsuit").

WHEREAS, WHG denies the allegations in the Lawsuit and denies any and all liability to Meetz, the Collective Class, and the Rule 23 Class.

WHEREAS, the Parties have vigorously litigated this case for two years, engaging in mediation for two full days over a five-month period with a neutral mediator. Through the discovery and mediation process, WHG provided substantial data and information relevant to Meetz's allegations to Meetz's Counsel, Hawks Quindel, S.C. (hereinafter "Class Counsel"), and, after a detailed analysis of the data and prolonged and difficult negotiations, the Parties agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Meetz, the Collective Class, and the Rule 23 Class.

WHEREAS, Class Counsel has represented Meetz and negotiated with WHG at arm's length throughout this matter to ensure that Meetz, the Collective Class, and Rule 23 Class are properly compensated for alleged under reimbursed mileage and vehicle expenses while delivering pizzas for WHG from September 30, 2013, through February 20, 2018.

WHEREAS, this Agreement resolves bona fide disputes as alleged in the Complaint involving compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et al.* ("FLSA"), and wages, payment of wages, and hours of work under Wisconsin statutes and administrative regulations;

WHEREAS, subject to approval by the Court, the Parties have reached a binding agreement to settle this matter upon the terms and conditions set forth herein.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims, as specified herein on the following terms:

## I. General Terms of Settlement

A. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of the settlement from the Court, to effectuate its terms and to cause the Lawsuit to be dismissed with prejudice.

B. The Parties acknowledge and will represent to the Court that this Agreement is fair, adequate, and reasonable.

C. The Parties agree to stipulate to the "Rule 23 Class," as defined in Section IV.B., below.

D. The Parties agree that the "Collective Class" shall include all individuals who were WHG delivery drivers paid less than $7.25 an hour for delivery driver work during the statutory period applicable to the Lawsuit in accordance with the FLSA and timely returned consent forms prior to the fairness hearing or in response to the 2018 Notice, 2019 Notice, or 2020 Notice, as defined in Section V, below.

E. In exchange for the release of claims and other promises contained herein, WHG will, in accordance with the manner, timing and amounts provided in Section III, make payments in an amount not to exceed Two Million Dollars ($2,000,000).

F. Meetz understands and acknowledges that, although WHG is entering into this Agreement and making the payments hereunder, WHG does not admit any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in the Lawsuit and Section II.A below, and expressly denies the same.

G. WHG Chief Executive Officer, Mark Dillon, shall personally guaranty the payments provided for herein, as indicated by his signature on Exhibit E.

## II. Release of Claims, Acknowledgments, and Agreement to Cooperate

A. Meetz's and Service Payment Recipients' Release of Claims.

Meetz and each Service Payment Recipient (as defined in Section III.B.1.) and their respective predecessors, successors, heirs and assigns, in addition to their other legal representatives, hereby and forever completely release and discharge WHG, its parents, subsidiaries, affiliates, and related entities and their respective past and present owners (including, without limitation, Mark Dillon), officers, directors, stockholders, managers, members, partners, agents, insurers, attorneys, and employees (collectively, "Released Parties") from any and all known or unknown claims, which are releasable by law, of any kind which arise out of or are in any manner based upon or related to the employment relationship between Meetz, the Service Payment Recipients and WHG based on any act or omission that occurred up to the date of execution of this Agreement. Meetz's and the Service Payment Recipients'

release of claims against the Released Parties, includes but is not limited to: (1) claims pursuant to the FLSA, including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103, 109, 111 and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) the Wisconsin Fair Employment Act; (11) the Wisconsin Business Closing law; (12) state or federal parental, family and medical leave acts; (13) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (14) claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action; and for Meetz (15) any other federal, state or local law, statute or ordinance affecting Meetz's employment with or termination from the Company.

B. Rule 23 Class's Release of Claims.

Upon final approval of this Agreement, each and every member of the Rule 23 Class will be deemed to have fully released all Wisconsin law claims arising out of WHG's vehicle reimbursement policy, for unpaid wages against WHG and the Released Parties from September 30, 2014, through February 20, 2018, including those under Wis. Stats. Chapters 103 and 109 and Wis. Admin Code §§ DWD 272 and 274 and any state common law unpaid wage claims.

C. Collective Class's Release of Claims.

Upon final approval of this Agreement, each and every member of the Collective Class who timely filed his or her consent form with the Court will be deemed to have fully released all FLSA claims arising out of WHG's vehicle reimbursement policy, for unpaid wages against WHG and the Released Parties from September 30, 2013, through February 20, 2018.

D. Acknowledgments and Agreement to Cooperate.

Meetz acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of minimum wages, liquidated damages, civil penalties, compensatory and punitive damages, and related legal fees and costs. Meetz further agrees that this settlement represents fair and reasonable compensation for any unpaid

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

wages he may have accrued during his employment with WHG, inclusive of any claim for liquidated damages, and the Released Parties do not owe him any further compensation or any other amounts for work performed during his employment with WHG. Meetz further acknowledges and agrees he has been given sufficient time to read this Agreement and its attached Exhibits A-F prior to his execution of it, understands their terms, and has consulted with Class Counsel about the legal effects of this Agreement. Finally, Meetz agrees to direct Class Counsel to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Class Counsel to work cooperatively with WHG and its attorneys to seek judicial approval of this Agreement and prepare the court-required pleadings.

### III. Settlement Payments

A. Settlement Fund.

As consideration for the releases in Section II above, WHG shall pay Two Million Dollars ($2,000,000) (the "Settlement Fund"). This Settlement Fund is inclusive of all of WHG's obligations to the Rule 23 Class and Collective Class members, including all wages and compensation alleged to be due to Meetz, the Rule 23 Class, and the Collective Class; attorneys' fees and costs; liquidated damages; civil penalties; a maximum of $58,340.20 of the employer tax contributions, and service payments to Meetz and the Service Payment Recipients. If this Agreement is not approved by the Court, neither WHG nor Mark Dillon will have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II will not be effectuated, and this matter will move forward in litigation.

B. Overview of Allocation of the Settlement Fund.

1. Service Payments. Twenty-Five Thousand Dollars ($25,000) of the Settlement Fund shall be allocated as a service payment to Meetz and paid out in accordance with the payment schedule in Section III.C., in recognition of him bringing this claim, his insistence that the matter be resolved on a class-wide basis, and the assistance he provided Class Counsel in bringing this matter to resolution, including responding to discovery and his involvement in the settlement process. An additional Nine Thousand Dollars ($9,000) of the Settlement Fund shall be allocated as service payments for Garrett Malin, Dustin Long, Troy Ness, Elizabeth Hernandez, Chris Horneck and Zachary Bertrand ("Service Payment Recipients"), in the amounts of $1,500 each and paid out in accordance with the payment schedule in Section III.C., in recognition of their assistance with responding to WHG discovery requests. The Administrator, on behalf of WHG, will issue IRS Forms 1099 to Meetz and the Service Payment Recipients for these service payments. Meetz and the Service Payment Recipients agree that they will indemnify and hold WHG harmless from and against any local, state or federal tax liabilities, claims, demands, suits, losses, damages,

costs, and expenses (including attorneys' fees and costs) arising out of the payments of the amounts specified in Section III.B.1.

2. Attorneys' fees. Six Hundred Sixty-Six Thousand, Six Hundred Sixty-Six and 66/100 Dollars ($666,666.66) of the Settlement Fund shall be allocated as attorneys' fees and paid out in accordance with the payment schedule in Section III.C. Class Counsel will move the Court for an award of attorneys' fees by September 21, 2018. WHG will issue an IRS Form 1099 to Hawks Quindel, S.C. (Tax Id No. 39-2024202) for attorneys' fees payments.

3. Costs. One Hundred Twenty-Three Thousand, Seventy Four and 67/100 Dollars ($123,074.67) of the Settlement Fund shall be allocated as costs and paid out in accordance with the payment schedule in Section III.C. Costs shall also include and be allocated toward complete satisfaction and payment of Deborah Gage Haude, Esq. for her services, costs and fees associated with mediating this matter. Class Counsel will move the Court for an award of costs by September 21, 2018.

4. Employer Taxes. Not more than Fifty Eight Thousand, Three Hundred Forty and 20/100 ($58,340.20) of the Settlement Fund shall be allocated to and held in an "Employer Tax Fund" to pay WHG's employer-side tax contributions and payments. The Parties agree that this amount was calculated by WHG. The Parties agree that this is the maximum amount to be attributable for WHG's employer-side tax contributions and to the extent any additional state or federal tax liabilities arise out of the payments made pursuant to this Agreement, WHG is fully responsible for payment of any additional amounts which exceed the amount held in the Employer Tax Fund.

5. Contingency and Ongoing Cost Fund. Fifty Thousand Dollars ($50,000) of the Settlement Fund shall be held in a reserve fund to address any issues and/or pay for additional costs that may arise in the administration of this Agreement. Class Counsel will provide to WHG's Counsel, within forty-five calendar days immediately following the mailing of the 2018 Notice, a revised Exhibit A, which will include any unused portion from this reserve fund reallocated to the Class and Collective Settlement Funds on a pro-rata basis. This Fund shall not be used to pay for any of WHG's employer-side tax liabilities, to the extent they exceed the amount specified in Section III.B.4.

6. Class and Collective Settlement Funds. The remaining portion of the Settlement Fund, One Million, Sixty-Seven Thousand, Nine-Hundred Eighteen and 46/100 Dollars ($1,067,918.46) shall be allocated among two separate funds, which shall be distributed in the amounts listed on Exhibit A and according to the payment schedule in Section III.C.

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

a. Wisconsin Settlement Fund. Seven Hundred Sixty-Eight Thousand, Nine Hundred One and 29/100 Dollars ($768,901.29) of the Settlement Fund shall be allocated to the Wisconsin Settlement Fund. Each member of the Rule 23 Class shall receive a pro-rata share of the Wisconsin Settlement Fund as set forth in Exhibit A. For tax purposes, two-thirds of each payment shall constitute "unpaid wages" and shall be subject to regular payroll withholdings. The Administrator will report the "unpaid wages" portion to each member of the Rule 23 Class and WHG on an IRS Form W2. One-third of each payment shall be attributed to liquidated damages for which each member of the Rule 23 Class will receive an IRS Form 1099 from the Administrator.

b. The FLSA Settlement Fund. Two Hundred Ninety-Nine Thousand, Seventeen and 17/100 Dollars ($299,017.17) of the Settlement Fund shall be allocated to the FLSA Settlement Fund. Each individual who timely opts into the Collective Class shall receive a pro-rata share of the FLSA Settlement Fund as set forth for such individual in Exhibit A. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. The Administrator will report the unpaid wages portion to each member of the Collective Class on an IRS Form W2. One-half of each payment shall be attributed to liquidated damages for which each member of the Collective Class will receive an IRS Form 1099 from the Administrator.

C. Settlement Fund Payment Schedule. The following summarizes the payment schedule that shall be administered pursuant to this Agreement.

1. <u>2018 Payment</u>: No later than December 1, 2018, WHG shall pay a total of Seven Hundred Thousand Dollars ($700,000), to be allocated as follows:
    a. $50,000 for the Contingency and Ongoing Cost Fund as described in Section III.B.5;
    b. $20,000 for the Employer Tax Fund;
    c. $172,506.24 for the Wisconsin Settlement Fund;
    d. $67,085.76 for the FLSA Settlement Fund;
    e. $123,074.67 for costs as described in Section III.B.3;
    f. $34,000 for service payments as described in Section III.B.1; and
    g. $233,333.33 for attorneys' fees as described in Section III.B.2.

2. <u>2019 Payment</u>: No later than July 1, 2019, WHG shall pay a total of Seven Hundred Thousand Dollars ($700,000), to be allocated as follows:
    a. $25,000 for the Employer Tax Fund;
    b. $318,000 for the Wisconsin Settlement Fund;
    c. $123,666.67 for the FLSA Settlement Fund; and
    d. $233,333.33 for attorneys' fees as described in Section III.B.2.

3. <u>2020 Payment</u>: No later than June 1, 2020, WHG shall pay a total of Six Hundred Thousand Dollars ($600,000) to be allocated as follows:
   a. $13,340.20 for the Employer Tax Fund;
   b. $278,395.06 for the Wisconsin Settlement Fund;
   c. $108,264.74 for the FLSA Settlement Fund; and
   d. $200,000 for attorneys' fees as described in Section III.B.2.

## IV. Settlement Approval Process

A. Interim Stay of Proceeding.

The Parties agree to hold all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the settlement, in abeyance pending the Fairness Hearing to be conducted by the Court.

B. Stipulation to Certification of the Rule 23 Class.

The Parties agree to stipulate to Fed. R. Civ. P. 23 Class Certification of the following class:

> All persons who have worked as a delivery driver paid less than $7.25 while delivering pizza for Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza Hut between September 30, 2014 and February 20, 2018 whose names appear on Exhibit A to the Settlement Agreement.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is filed as ECF No. 180 and is incorporated herein.

C. Preliminary Approval of Settlement.

The Parties will file with the Court, by August 29, 2018, a Joint Motion for Preliminary Approval of Settlement, supporting brief, and proposed Order Granting Preliminary Approval in a form mutually agreed to by the Parties. A fully executed copy of this Agreement will be attached to the Joint Motion for Approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement. The Joint Motion is filed as ECF No. 179 and is incorporated herein. The Parties agree that the relief requested therein is that which they are seeking and is appropriately before the Court at the preliminary approval stage.

D. Fairness Hearing and Final Approval.

On October 15, 2018, a Fairness Hearing will be held at which the Court will determine whether to issue final approval of the settlement, specifically to: (i) decide whether to certify the Rule 23 Class; (ii) decide whether to approve the Agreement as fair, reasonable, and adequate; and (iii) decide Class Counsel's motion for attorneys' fees and costs.

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

V.  **Settlement Administration.**

    A.    Claims Administrator.

The Parties agree to the use of Rust Consulting ("Administrator") to administer the notice, claims, payments and appropriate federal and state employer and employee tax withholdings, contributions, and documents pursuant to this Agreement, as outlined in this Section V. The costs for the Administrator's services shall be paid out of the Settlement Funds and those costs have been accounted for in Section III.B.3.

    B.    Preliminary Approval of Settlement.

If the Court grants preliminary approval of this Agreement, the Parties agree to the following procedure:

1. Settlement Allocations.

Individual settlement allocations shall be made in the amounts set forth in Exhibit A, as Exhibit A may be amended pursuant to Section III.B.5., which shall be provided to Administrator within 5 days of the Court's order on preliminary approval.

2. Issuance of 2018 Notice.

Within 10 days of receiving Exhibit A, Administrator will mail a notice to the Rule 23 Class in a form substantially similar to the document attached hereto as Exhibit B ("2018 Notice") and made a part of this Agreement, along with a self-addressed, postage-paid envelope.  The 2018 Notice will include the amounts set forth in Exhibit A, as delivered to the Administrator pursuant to Section V.C.2, and will be sent by first-class U.S. Mail.  The 2018 Notice shall inform the Rule 23 Class of their ability to object to the Agreement as described in Section V.B.3., their right to opt-in to the Collective Class, their ability to exclude themselves from the Rule 23 Class, and the approximate amounts they are entitled to receive under the Agreement as stated in Exhibit A.

If the first mailing of a 2018 Notice is returned as undeliverable, Administrator shall, within 14 days from receipt of the undeliverable notice, take other appropriate steps to identify and mail a 2018 Notice to an alternative address for the respective Rule 23 Class member.  The Parties shall be deemed to have satisfied their obligation to provide the applicable notice to a Rule 23 Class member if (a) an alternative address for the Rule 23 Class member cannot be identified by the Administrator; or (b) after a second mailing of the 2018 Notice to an alternative address is returned by the postal service as undeliverable.

Consent forms will be "timely" if they are properly signed and postmarked within thirty calendar days immediately following the date the 2018 Notice is

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

(i) mailed and not returned as undeliverable or (ii) mailed to an alternative address.

3. Objection to Settlement.

Any member of the Rule 23 Class who intends to object to the fairness of the Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty days after the mailing of the 2018 Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and Counsel for WHG.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons the objector intends to call to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any member of the Rule 23 Class who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

4. Request for Exclusion.

Any Rule 23 Class member who wishes to be excluded from the Rule 23 Class must submit a request for exclusion no later than thirty days after the mailing of the 2018 Notice. Any Rule 23 Class member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

C. Final Approval.

If the Court grants final approval of this Agreement, the Parties agree to the following:

1. Entry of Judgment.

If this Agreement is finally approved by the Court, the Parties agree to submit a proposed Final Order Approving Settlement, in similar form to the document attached as Exhibit F to this Agreement, directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) as follows:

    a. Approving the Agreement as a fair, reasonable, and adequate resolution of bona fide disputes under the FLSA and Wisconsin law as applicable to the Collective Class and the Rule 23 Class;

    b. Declaring the Agreement to be binding on WHG, Meetz, the Collective Class, and the Rule 23 Class;

    c. Approving the Service Payments as fair and reasonable;

    d. Approving as fair and reasonable an award of attorneys' fees and costs to Class Counsel;

    e. Directing Class Counsel to file a dismissal with prejudice of the Collective Class's federal law claims against WHG upon payment of the full Settlement Fund;

    f. Directing Class Counsel to file a dismissal with prejudice of the Rule 23 Class's Wisconsin state law claims against WHG upon payment of the full Settlement Fund; and

    g. Ordering the case administratively closed until WHG pays the full Settlement Fund.

2. 2018 Payment

    a. Payment to Administrator.

    Not later than December 1, 2018, WHG shall pay Administrator a total of $343,592, for the service payments and the 2018 payments to the Contingency and Ongoing Cost Fund, Employer Tax Fund, Wisconsin Settlement Fund, and the FLSA Settlement Fund as stated in Section III.C.1.

    b. Payment to Class Counsel.

    Not later than December 1, 2018, WHG shall pay Class Counsel a total of $356,408 for the 2018 payment of attorneys' fees and costs, as stated in Section III.C.1.

    c. Check Distribution.

    Within 14 days of receipt of the payment made pursuant to Section V.C.2.a, the Administrator shall issue checks to Rule 23 Class members who are not excluded pursuant to Section V.B.4 and Collective Class members who have filed timely consents to opt-in prior to December 1, 2018 in the amounts listed on Exhibit A.

    If a check is returned as undeliverable, Administrator shall, within 14 days from receipt of the undeliverable check, take other appropriate steps to identify and mail the check to an alternate address for the Rule 23 Class and/or Collective Class member. If, after a second mailing, the check is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

their obligation to provide payment to the Rule 23 Class and/or Collective Class member

d. Unclaimed Wisconsin Settlement Funds – Cy pres.

Any portion of the Wisconsin Settlement Fund that remains undeliverable, returned, or is uncashed within one hundred twenty (120) days after the date the checks were originally mailed by Administrator shall be void. Administrator shall provide an accounting, to Class Counsel and Counsel for WHG, of all undeliverable and returned checks no later than one hundred fifty (150) days after the date of original mailing of said checks. Seven (7) days after providing the accounting of unclaimed Wisconsin Settlement Funds, Administrator shall mail a check in the amount of the unclaimed Wisconsin Settlement Funds to the Employee Rights Advocacy Institute For Law & Policy, 2201 Broadway, Suite 310, Oakland, CA 94612. A copy of the check sent to Employee Rights Advocacy Institute For Law & Policy upon mailing of said check shall be provided by the Administrator to Class Counsel and Counsel for WHG.

e. Unclaimed FLSA Settlement Funds.

Any portion of the FLSA Settlement Fund that remains undeliverable, returned, or is uncashed within one hundred twenty (120) days after the date the checks were originally mailed by Administrator shall be held in trust by the Administrator and available to be claimed by Collective Class members who return timely consent forms in response to the 2019 Notice or the 2020 Notice.

f. Tax Payments and Forms.

For payments made by Administrator to Rule 23 Class and/or Collective Class members, Administrator shall (1) make the proper flat rate federal and state employee tax payments and witholdings on behalf of the Rule 23 Class and/or Collective Class members; (2) make the proper federal and state tax contributions and payments on behalf of WHG from the Employer Tax Fund; and (3) issue the appropriate tax forms, W2 and/or 1099, for the 2018 tax year as prescribed by applicable law.

For payments made by WHG to Class Counsel for attorneys' fees, WHG shall issue a 1099 to Class Counsel for the 2018 tax year.

Administrator will send to WHG an accounting of the employer-side tax contribution payments made on WHG's behalf no later than January 15, 2019.

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

3. 2019 Payment.

   a. Issuance of 2019 Notice.

   Not later than May 15, 2019, Administrator will mail a notice to Rule 23 Class members who have not filed consents to opt-in to the Collective Class as of April 15, 2019, in a form substantially similar to what is attached hereto as Exhibit C ("2019 Notice") and made a part of this Agreement, along with a self-addressed, postage-paid envelope. The 2019 Notice will include the amounts set forth in Exhibit A, as delivered to the Administrator pursuant to Section V.B.1, and will be sent by first-class U.S. Mail. The 2019 Notice shall inform the recipients of their right to file a consent to assert their FLSA claims within 30 days of the mailing of the 2019 Notice and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A. Class Members are eligible to claim their full portion of the FLSA funds, as set forth in Exhibit A, if they return a timely consent form in 2019.

   If the first mailing of a 2019 Notice is returned as undeliverable, Administrator shall, within 14 days from receipt of the undeliverable notice, take other appropriate steps to identify and mail a 2019 Notice to an alternative address for the respective Rule 23 Class member. The Parties shall be deemed to have satisfied their obligation to provide the applicable notice to a Rule 23 Class member if (a) an alternative address for the Rule 23 Class member cannot be identified by the Administrator; or (b) after a second mailing of the 2019 Notice to an alternative address is returned by the postal service as undeliverable.

   Consent forms will be timely if they are properly signed and postmarked within thirty calendar days immediately following the date the 2019 Notice is (i) mailed and not returned as undeliverable or (ii) mailed to an alternate address.

   b. Payment to Administrator.

   Not later than July 1, 2019, WHG shall pay Administrator a total of $466,666.67 for the 2019 payments to the Wisconsin Settlement Fund, the FLSA Settlement Fund, and Employer Tax Fund, as stated in Section III.C.2.

   c. Payment to Class Counsel.

   Not later than July 1, 2019, WHG shall pay Class Counsel a total of $233,333.33 for the 2019 payment of attorneys' fees, as stated in Section III.C.2.

d. Check Distribution.

Within 14 days of receipt of the payment made pursuant to Section V.C.3.b, the Administrator shall issue checks to Rule 23 Class members who are not excluded pursuant to Section V.B.4 and Collective Class members who have filed timely consents to opt-in prior to July 1, 2019 in the amounts listed on Exhibit A.

If a check is returned as undeliverable, Administrator shall, within 14 days from receipt of the undeliverable check, take other appropriate steps to identify and mail the check to an alternate address for the Rule 23 Class and/or Collective Class member. If, after a second mailing, the check is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide payment to the Rule 23 Class and/or Collective Class member

e. Unclaimed Wisconsin Settlement Funds – Cy pres.

Any portion of the Wisconsin Settlement Fund that remains undeliverable, returned, or is uncashed within one hundred twenty (120) days after the date the checks were originally mailed by Administrator shall be void. Administrator shall provide an accounting, to Class Counsel and Counsel for WHG, of all undeliverable and returned checks no later than one hundred fifty (150) days after the date of original mailing of said checks. Seven (7) days after providing the accounting of unclaimed Wisconsin Settlement Funds, Administrator shall mail a check in the amount of the unclaimed Wisconsin Settlement Funds to Employee Rights Advocacy Institute For Law & Policy, 2201 Broadway, Suite 310, Oakland, CA 94612. A copy of the check sent to Employee Rights Advocacy Institute For Law & Policy upon mailing of said check shall be provided by the Administrator to Class Counsel and Counsel for WHG.

f. Unclaimed FLSA Settlement Funds.

Any portion of the FLSA Settlement Fund that remains undeliverable, returned, or is uncashed within one hundred twenty (120) days after the date the checks were originally mailed by Administrator shall be held in trust by the Administrator and available to be claimed by Collective Class members who return timely consent forms in response to the 2020 Notice.

g. Tax Payments and Forms.

For payments made by Administrator to Rule 23 Class and/or Collective Class members, Administrator shall (1) make the proper flat rate federal and state employee tax payments and witholdings

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

on behalf of the Rule 23 Class and/or Collective Class members; (2) make the proper federal and state tax contributions and payments on behalf of WHG from the Employer Tax Fund; and (3) issue the appropriate tax forms, W2 and/or 1099, for the 2019 tax year as prescribed by applicable law.

For payments made by WHG to Class Counsel for attorneys' fees, WHG shall issue a 1099 to Class Counsel for the 2019 tax year.

Administrator will send to WHG an accounting of the employer-side tax contribution payments made on WHG's behalf no later than January 15, 2020.

4. 2020 Payment.

   a. Issuance of 2020 Notice.

      Not later than April 15, 2020, Administrator will mail a notice to Rule 23 Class members, who have not filed consents to opt-in to the Collective Class as of March 15, 2020, in a form substantially similar to what is attached hereto as Exhibit D ("2020 Notice") and made a part of this Agreement, along with a self-addressed, postage-paid envelope. The 2020 Notice will include the amounts set forth in Exhibit A, as delivered to the Administrator pursuant to Section V.B.1, and will be sent by first-class U.S. Mail. The 2020 Notice shall inform the recipients of their right to file a consent to assert their FLSA claims within 30 days of the mailing of the 2020 Notice and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

      If the first mailing of a 2020 Notice is returned as undeliverable, Administrator shall, within 14 days from receipt of the undeliverable notice, take other appropriate steps to identify and mail a 2020 Notice to an alternative address for the respective Rule 23 Class member. The Parties shall be deemed to have satisfied their obligation to provide the applicable notice to a Rule 23 Class member if (a) an alternative address for the Rule 23 Class member cannot be identified by the Administrator; or (b) after a second mailing of the 2020 Notice to an alternative address is returned by the postal service as undeliverable.

      Consent forms will be timely if they are properly signed and postmarked within thirty calendar days immediately following the date the 2020 Notice is (i) mailed and not returned as undeliverable or (ii) mailed to an alternate address.

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

b. Payment to Administrator.

Not later than June 1, 2020, WHG shall pay Administrator a total of $400,000 for the 2020 payment of the Wisconsin Settlement Fund and the FLSA Settlement Fund, as stated in Section III.C.3.

c. Payment to Class Counsel.

Not later than June 1, 2020, WHG shall pay Class Counsel a total of $200,000 for the 2020 payment of attorneys' fees, as stated in Section III.C.3.

d. Check Distribution.

Within 14 days of receipt of the payment made pursuant to Section V.C.4.b, the Administrator shall issue checks to Rule 23 Class members who are not excluded pursuant to Section V.B.4 and Collective Class members who have filed timely consents to opt-in prior to June 1, 2020 in the amounts listed on Exhibit A.

If a check is returned as undeliverable, Administrator shall, within 14 days from receipt of the undeliverable check, take other appropriate steps to identify and mail the check to an alternate address for the Rule 23 Class and/or Collective Class member. If, after a second mailing, the check is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide payment to the Rule 23 Class and/or Collective Class member

e. Unclaimed Wisconsin Settlement Funds – Cy pres.

Any portion of the Wisconsin Settlement Fund that remains undeliverable, returned, or is uncashed within one hundred twenty (120) days after the date the checks were originally mailed by Administrator shall be void. Administrator shall provide an accounting, to Class Counsel and Counsel for WHG, of all undeliverable and returned checks no later than one hundred fifty (150) days after the date of original mailing of said checks. Seven (7) days after providing the accounting of unclaimed Wisconsin Settlement Funds, Administrator shall mail a check in the amount of the unclaimed Wisconsin Settlement Funds to Employee Rights Advocacy Institute For Law & Policy, 2201 Broadway, Suite 310, Oakland, CA 94612. A copy of the check sent to Employee Rights Advocacy Institute For Law & Policy upon mailing of said check shall be provided by the Administrator to Class Counsel and Counsel for WHG.

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

f. Unclaimed FLSA Settlement Funds.

Any portion of the FLSA Settlement Fund that remains undeliverable, returned, or is uncashed within one hundred twenty (120) days after the date the checks were originally mailed by Administrator shall revert to WHG. Administrator shall issue a final accounting to Class Counsel and Counsel for WHG of the remaining FLSA Settlement Funds and Administrator shall issue a check to WHG for those unclaimed funds within seven days of the accounting. A copy of the check shall be provided by Administrator to Class Counsel.

g. Tax Payments and Forms.

For payments made by Administrator to Rule 23 Class and/or Collective Class members, Administrator shall (1) make the proper flat rate federal and state employee tax payments and witholdings on behalf of the Rule 23 Class and/or Collective Class members; (2) make the proper federal and state tax contributions and payments on behalf of WHG from the Employer Tax Fund; and (3) issue the appropriate tax forms, W2 and/or 1099, for the 2020 tax year as prescribed by applicable law.

For payments made by WHG to Class Counsel for attorneys' fees, WHG shall issue a 1099 to Class Counsel for the 2020 tax year.

One hundred twenty (120) days after all required employer tax contribution payments are paid by the Administrator on behalf of WHG under this section, the Administrator shall (1) send to WHG an accounting of the employer-side tax contribution payments made on WHG's behalf; and (2) provide an accounting of any funds remaining in the Employer Tax Fund. Administrator shall mail a check in the amount of the remaining funds in the Employer Tax Fund to Employee Rights Advocacy Institute For Law & Policy, 2201 Broadway, Suite 310, Oakland, CA 94612. A copy of the check sent to Employee Rights Advocacy Institute For Law & Policy, upon mailing of said check, shall be provided by the Administrator to Class Counsel and Counsel for WHG.

## VI.  Breach

The Parties agree that the Court will retain jurisdiction of the case for the duration of the payment period, and until WHG pays the full Settlement Fund. The Parties agree that the Court's jurisdiction extends to a breach of this Agreement. In the event of a missed payment by WHG, Class Counsel will provide written notice to WHG's Counsel at:

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

> Attorney Brian Spahn
> Godfrey & Kahn, S.C.
> 833 East Michigan Street, Suite 1800
> Milwaukee, Wisconsin 53202-5615
> bspahn@gklaw.com

WHG shall have 14 days to cure the breach. Failure to make a payment within 14 days shall constitute a material breach of this Agreement. WHG shall pay any attorneys' fees and costs incurred by Meetz, the Collective Class Members, and/or the Rule 23 Class Members in the event WHG breaches this Agreement.

WHG explicitly agrees and acknowledges that Class Counsel shall not seek dismissal with prejudice of the Meetz's, the Collective Class Members', or the Rule 23 Class Members' claims until WHG pays the full Settlement Fund. Once WHG pays the full Settlement Fund, within 14 days, the Parties agree to submit a proposed order which: (1) dismisses the case with prejudice as of the date of entry of such Order, and (2) requests that the case be closed.

## VII.    No Admission

Nothing in this Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of WHG, and WHG denies any such liability.  The parties have entered into this Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses.

## VII.    Construction

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's length negotiations between the parties and that this Agreement shall not be construed in favor of or against any party.

## VIII.   Jurisdiction

The Parties request that the Court retain jurisdiction  for the sole purpose of enforcing the terms of this Settlement Agreement.

## XI.    Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## XII.    Entire Agreement

This document and its Exhibits A-F constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersede any prior written or oral agreements. In entering into this Agreement, Meetz expressly acknowledges that he is not relying on advice from anyone from WHG, including WHG's principals, owners, or attorneys, or any other individual or entity other than Class Counsel.

DocuSign Envelope ID: BE5441BF-975E-4112-996A-F66CD9F5C550

### XIII. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

### XIV. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

*[signatures appear on next page]*

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

8/29/2018
_____
Dated

_____
Wayne Meetz on behalf of himself, the Rule 23 Class, and the Collective Class

_____
Dated

_____
Wisconsin Hospitality Group, LLC.

By: _____

Its: _____

_____
Dated

_____
PH Hospitality Group, LLC d/b/a Pizza Hut

By: _____

Its: _____

19330665.12

19

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

---
Dated

Wayne Meetz on behalf of himself, the Rule 23 Class, and the Collective Class

8-29-18
---
Dated

Wisconsin Hospitality Group, LLC.

By: _Mark Dillon_

Its: _CEO_

8-29-18
---
Dated

PH Hospitality Group, LLC d/b/a Pizza Hut

By: _Mark Dillon_

Its: _CEO_

19330665.12

19

Case 1:16-cv-01313-WCG   Filed 08/29/18   Page 20 of 20   Document 179-1