<u>NOTICE OF CLASS ACTION SETTLEMENT</u>:

<u>2018 Notice</u>

**TO:** [first name] [last name]

**RE:** <u>Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza Hut (collectively, "WHG") class action settlement of claims for unpaid wages</u>

*This is not a solicitation from a lawyer.*
*A Federal Court has authorized this Notice.*

If you worked as a delivery driver who was paid less than $7.25/hour for WHG while delivering pizzas between September 30, 2014 and February 20, 2018, you may be entitled to additional compensation under this class action settlement. Your legal rights are affected whether you act upon this Notice, or you don't act. <u>Please read this Notice carefully</u>.

| Your options in this Settlement are: | |
| --- | --- |
| Participate <u>only</u> in the Wisconsin state law settlement. | **No action is required** if you wish to be included in the settlement of <u>only</u> your Wisconsin state law claim for unpaid compensation.<br><br>**Your portion of the Rule 23 Wisconsin state law Settlement Fund is $[dollar amount].** |
| Participate in <u>both</u> the Wisconsin state law settlement and the federal Fair Labor Standards Act ("FLSA") settlement. | If you wish to be included in settlement of both the Wisconsin state law claim and the FLSA claim for unpaid compensation, complete and return the enclosed Consent to Join form by [date 30 days after mailing of this notice] to opt-in to the FLSA portion of the settlement.<br><br>**Your portions of the Rule 23 Wisconsin state law Settlement Fund and the FLSA Settlement Fund total $[dollar amount].** |
| Exclude yourself and not participate in this settlement. | You will be unable to participate in this settlement, but you will retain any rights you may have against WHG as to the claims in this case. If you wish to exclude yourself from this settlement, see Section 8(c) below.<br><br>**You will receive no money from the Settlement Fund.** |
| Object to the settlement. | Write the Court about why you do not like the Settlement Agreement. If you object, but do not exclude yourself, you will still be bound by the terms of the Settlement. See Section 8(d) below. |
| Attend the hearing. | Attend the fairness hearing to talk with the Court about the fairness of the settlement. |

1.   **Why did I get this Notice?**

You received this Notice because WHG's records indicate that you were employed as a pizza delivery driver who was paid less than $7.25 while delivering pizzas between September 30, 2014 and February 20, 2018 based on how WHG reimbursed you for mileage and vehicle expenses.

The Court has authorized this Notice to you because you have the right to know about the proposed settlement of a class action lawsuit and about your options, before the Court decides whether to approve the Settlement Agreement. If the Court approves the Settlement Agreement, and after any objections or appeals are resolved, a claims administrator will mail to you the payments provided by the Settlement Agreement.

This Notice provides you with important information about the lawsuit, the Settlement Agreement, your legal rights, and how you can benefit from or exclude yourself from the Settlement. **Regardless of your choice, it is important that you read this Notice.**

The Court in charge of this case is the United States District Court for the Eastern District of Wisconsin and the case is called *Meetz v. Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza Hut.*, Case No. 1:16-cv-1313. Please do not contact the Court or the Clerk if you have questions regarding this matter. See Section 10 below if you have questions or would like more information.

2.   **What is this lawsuit about?**

Wayne Meetz (the "Class Representative"), a delivery driver for WHG, brought a complaint against WHG claiming that WHG's vehicle reimbursement policy under reimbursed delivery drivers for mileage and vehicle expenses. Specifically, Meetz alleged that these policies and practices violated Wisconsin and Federal wage and hour laws. WHG contends that its policies and practices regarding the payment of wages were compliant with Wisconsin and Federal law at all times, but WHG has agreed to settle this matter consistent with the terms of the settlement to avoid additional costs and the uncertainties of time-consuming litigation.

3.   **Who is included in the Class?**

All persons who worked as pizza delivery drivers and were paid less than $7.25 for the time they spent delivering pizzas for WHG between September 30, 2014, and February 20, 2018.

4. **What are the benefits and terms of the Settlement?**

WHG has agreed to pay a total of $2,000,000 (the "Settlement Fund") to cover the claims of Class Members in this action, incentive payments, unpaid wages, liquidated damages and attorneys' fees and costs. These payments will be made over a period of three years.

The complaint alleges violations of both state and federal law. Therefore the Settlement Fund will be split between the federal law FLSA Settlement Fund and the Wisconsin state law Rule 23 Settlement Fund. Assuming the Court approves the settlement, your total portion of the Rule 23 Settlement Fund is $[##,###.##] (before withholdings or deductions). Unless you exclude yourself from this settlement, you will receive this amount, which will be paid out over three years.

If you join the FLSA settlement class by signing and returning the enclosed Consent to Join form, you will receive an additional payment for your portion of the FLSA Settlement Fund in the total amount of $[#,###.##] (before withholdings or deductions) assuming the Court approves the settlement. You must sign and return the enclosed Consent to Join form by [date 30 days from mailing] in order to receive this additional money, which will be paid out over three years.

Here is the **breakdown of payments** for 2018, 2019 and 2020:

In 2018, if you have already or do timely opt-in to the case by returning a consent form, you will receive $[#,###.##] (before withholdings or deductions). If you do not opt-in to the case, you will receive $[#,###.##] in 2018 (before withholdings or deductions).

In 2019, if you have already or do timely opt-in to the case by returning a consent form, you will receive $[#,###.##] (before withholdings or deductions). If you do not opt-in to the case, you will receive $[#,###.##] in 2019 (before withholdings or deductions).

In 2020, if you have already or do timely opt-in to the case by returning a consent form, you will receive $[#,###.##] (before withholdings or deductions). If you do not opt-in to the case, you will receive $[#,###.##] in 2020 (before withholdings or deductions).

5. **Do I have a lawyer in this case?**

The Court has appointed Timothy P. Maynard, Summer Murshid, and Larry Johnson, of Hawks Quindel, S.C. as Class Counsel. They can be contacted at:

Summer Murshid                    Hawks Quindel, S.C.
smurshid@hq-law.com               222 East Erie Street, Suite 210
Larry Johnson                     Milwaukee, WI  53201

ljohnson@hq-law.com          Phone: 414-271-8650
Timothy P. Maynard          www.hq-law.com
tmaynard@hq-law.com

6.    **When is the Fairness Hearing?**

The Court will hold a hearing on October 15, 2018, at 11:00 a.m., to decide whether to approve this Settlement. This hearing will take place in Judge William Griesbach's Courtroom located in Room 201 of the United States District Court for the Eastern District of Wisconsin, 125 S. Jefferson St., Green Bay, WI 54301. If you object to this Settlement, your objections will be considered at this hearing.

7.    **What happens if the Court approves the Settlement?**

If the Settlement is approved, after all payments are made pursuant to the Settlement Agreement, the Court will enter a judgment that will dismiss the Lawsuit with prejudice on the merits as to all Class Members who do not exclude themselves. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuit under Wisconsin law for recovery against WHG for claims for unpaid wages resulting from WHG's vehicle reimbursement policy between September 30, 2014, and February 20, 2018. Class Members who validly and timely request exclusion from the Settlement will not release any Wisconsin state wage and hour claims.

Additionally, for those individuals who timely return Consent to Join forms, after all payments are made pursuant to the Settlement Agreement, the Court will dismiss those individuals' FLSA claims with prejudice and on the merits. This means that Class Members who return their Consent to Join forms will be barred from bringing their own lawsuit under federal law for recovery against WHG for claims of unpaid wages resulting from WHG's vehicle reimbursement policy between September 30, 2014, and February 20, 2018.

8.    **What are my options regarding the Settlement?**

   a.    **Participate in the Rule 23 Wisconsin state law Class:**

If you do nothing, you will be participating in the Rule 23 Wisconsin state law Class and receive a check totaling $[##,###.##] (before withholdings or deductions), which will be paid out over the course of three years. After all payments are made pursuant to the Settlement Agreement, you will release any claims you have for unpaid wages against WHG, which resulted from WHG's vehicle reimbursement policy between September 30, 2014, and February 20, 2018.

   b.    **Participate in the Rule 23 Wisconsin state law Class and the federal FLSA Class:**

If you wish to join the federal FLSA Class, you must timely return your signed Consent to Join form to Class Counsel by [date 30 days from mailing]. By participating in both the Rule 23 Wisconsin state law Class and the federal FLSA Class, you will receive a check totaling $[##,###.##] (before withholdings or deductions), which will be paid out over three years. After all payments are made pursuant to the Settlement Agreement, you will release any claims you have against WHG, which resulted from WHG's vehicle reimbursement policy between September 30, 2014, and February 20, 2018.

Consent to Join forms should be returned by [DATE] to:

Meetz v. Wisconsin Hospitality Group Settlement
c/o Rust Consulting
PO Box 54
Minneapolis, MN 55440-0054

c.  **Request to be excluded:**

If you exclude yourself, you will not receive any money from this Settlement.

If you wish to exclude yourself from the Rule 23 Wisconsin state law Class, you must submit a written request for exclusion. To be effective, the request must include: (1) your full name; (2) your address and telephone number, (3) a specific statement that you wish to exclude yourself from this settlement; and (4) be signed by you.

Your exclusion must be received by Class Counsel at the address in Section 10(b) above by [date 30 days from mailing] to be effective. If you do request exclusion from this Settlement, you will not be bound by any final judgment and you will not be precluded from instituting an action against WHG for unpaid wages from WHG. WHG cannot retaliate against you for failing to exclude yourself from this matter.

d.  **Comment or object:**

You may tell the Court what you think of this Settlement by commenting or objecting to the terms of the Settlement in writing. If you object to the Settlement without excluding yourself as outlined in Section 10(c) above, and the Settlement is approved, you will be bound by this action and you will not be able to bring your own lawsuit for unpaid wages against WHG. You may, but are not required to, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

All comments or objections to the Settlement Agreement must be filed with the Court at the address identified in paragraph 6 above no later than [date 30 days from mailing]. Any objection must include: (1) your full name; (2) your address and telephone number, (3) a specific statement as to why you object to the Settlement accompanied by any legal or factual support of your objection; (4) you must indicate

that you object to the Settlement in *Meetz v. Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza Hut.*, Case No. 1:16-cv-1313; (5) include a list of all persons who will be called as witnesses at the Fairness Hearing in support of your objection; (6) include a statement as to whether you intend to appear at the Fairness Hearing by counsel, and if so, who that counsel will be; and (7) be signed by you. If you fail to timely make your objection, you will be deemed to have waived your objection and you will waive your ability to appeal any determination made by the Court.

If you file an objection with the Court, you must also serve a copy of the objection upon Class Counsel at the address in Section 10(b), along with a copy to WHG's Counsel at the following address: Godfrey Kahn, c/o Attorney Brian Spahn, 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin 53202.

9.    **Retaliation is prohibited.**

Regardless of what choice you make regarding participation in this settlement, WHG cannot terminate your employment, or treat you any differently because of your participation in or exclusion from this settlement.

10.    **If you would like more information?**

If you have additional questions or if you need additional information, please contact Class Counsel, Timothy Maynard or Summer H. Murshid at Hawks Quindel, S.C. at 414-271-8650 or send correspondence to 222 East Erie, Suite 210, Milwaukee, WI  53201 or tmaynard@hq-law.com or smurshid@hq-law.com at your earliest convenience. A copy of the Complaint, the Settlement Agreement in full, and any other documents are available upon request from Class Counsel.
.

**No inquiries regarding additional information
or advice should be directed to the Court.**

Dated: _____ ##, 2018                    BY ORDER OF THE COURT
                                                          Clerk of Court

# CONSENT FORM

I hereby consent to make a claim against Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza Hut, ("WHG"), and to join the FLSA Settlement Class, for unpaid wages including overtime compensation under the Fair Labor Standards Act in Case Number E.D. Wis. 1:16-cv-1313.

I hereby authorize the filing, prosecution, and settlement of this Fair Labor Standards Act action in my name and hereby designate the Named Plaintiff, Wayne Meetz, to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of any agreements between Plaintiff's Counsel concerning attorneys' fees and costs, settlement, and all other matters pertaining to this lawsuit.

_____
Signature
[first name] [last name]

_____
Date

_____
Address

_____
City, State, Zip

_____
Telephone number

_____
Email address

Fax, Mail or Email to:

Hawks Quindel, S.C.
Attn: Summer H. Murshid
PO Box 442
Milwaukee, Wisconsin 53201
Fax: (414) 271-8442
Telephone: (414) 271-8650
Email: smurshid@hq-law.com
www.hq-law.com

Page 8

19336630.3